UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BANERTEK LLC,<br>Plaintiff,<br>v.<br>EMERSON ELECTRIC CO.,<br>Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Banertek LLC ("Banertek") demands a jury trial and complains against Defendant Emerson Electric Co. ("Emerson"), and states as follows:

## THE PARTIES

**1.** Banertek is a corporation organized and existing under the laws of the State of Texas, conducting business in this judicial district.

**2.** On information and belief, Emerson is a company organized under the laws of Missouri with its headquarters located at 8000 West Florissant Avenue, P.O. Box 4100, St. Louis, Missouri 63136, and conducts business in this judicial district.

## JURISDICTION AND VENUE

**3.** This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

**4.** Banertek is informed and believes, and based thereon alleges, that Emerson is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

**5.** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENT**

**6.** On January 4, 2005, U.S. Patent No. 6,839,731 B2 ("the '731 Patent") was duly and legally issued to Vigilos, Inc., naming Bruce Alexander, David Antal, Matthew Litke, Christopher Schebel, and Paul Thompson as the inventors. The '731 Patent claims an invention entitled "System and Method For Providing Data Communication In a Device Network". On March 28, 2014, Vigilos, Inc. assigned all right, title and interest in and to the '731 Patent to Olivistar LLC and on June 10, 2016, Olivistar LLC assigned all right, title and interest in and to the '731 Patent to Banertek LLC. A copy of the '731 Patent is attached to this Complaint as Exhibit 1.

**7.** The '731 Patent is directed to a novel system and method for data communication in a device network in a distributed control system. The network is comprised of a central communication device, a number of premises-server computing devices, and a number of client computing devices, wherein the client computing device communicates with the central communication device to request access to device data from the premises-server computing devices. Once access rights are established, the client computing device communicates directly with specific premises-server computing devices having the requested data. A command application resident on each resident-premises computing device administers the flow of data between the computing devices.

**8.** For example, the distributed control system can be one provided by a company such as Emerson that includes one or more premises-server computing devices (e.g., the WirelessHart Gateway) in communication with a number of input and/or output devices (e.g., the end WirelessHart devices), a central communication device (e.g., the main server computer having all the database collected), and at least one client computing device (e.g., any computer device with software installed in it for remote monitoring/control purpose) in communication with the central communication device. The premises-server computing devices and client computing devices can be handheld or

desktop devices onto which software has been downloaded and which transforms such devices into the claimed premises-server computing devices and client computing devices, respectively, that enable parties to communicate with one another based on common identification attributes specified by such parties. Without the software, the devices could not be transformed into and constitute the respective computing devices that are part of the network claimed in the ‘731 Patent.

**9.** Claim 1 of the ‘731 Patent is directed to a system that includes at least one or more premises-server computing devices, a central communication device, and at least one client computing device in communication with the central communication device. The system employs a method for processing device data communicated between the different devices comprising: transmitting an access request to the central communication device from the client computing device, the access request including one or more identification attributes corresponding to the client computing device; obtaining from the central communication device a listing of available premises-server computing devices that the client computing device is authorized to communicate with based at least in part on the identification attributes; transmitting a communication request to communicate with at least one of the premises-server computing devices; establishing a direct connection with a proxy application in each of the one or more premises-server computing device for which the communication request is successful; and obtaining device information from each proxy application associated with the one or more premises-server computing devices, the device information corresponding to a current input and/or output state.

**10.** Claim 2 of the ‘731 Patent is directed to the same method as Claims 1, 2 and 15 with the added requirement that transmitting an access request includes transmitting information to authenticate an individual user.

11. Claim 15 of the ‘731 Patent is directed to a system that includes one or more premises-server computing devices in communication with a number of input and/or output devices, a central communication device and at least one client computing device in communication with the central communication device, and a method for processing device data, the method comprising: obtaining an access request from a client computing device, the access request including one or more identification attributes corresponding to the client device; generating a list of premises-server computing devices available for communication with the client device, the list of premises-server computing devices corresponding to a set of premises-server computing devices the client device obtains access to based upon a processing of the one or more identification attributes; and transmitting the list of premises-server computing devices available for communication with the client device, wherein the client device cannot directly access the premises-server computing devices prior to obtaining the list of premises-server computing devices available for communication.

## EMERSON’S INFRINGING SYSTEM AND METHOD

**12.** Without authority from Banertek, Emerson makes, uses (including by having its employees test), markets and sells or otherwise provides a WirelessHart distributed control system and method for providing data communication in a device network. Specifically, Emerson provides a distributed control system including one or more premises-server computing devices (e.g., the WirelessHart Gateway) in communication with a number of input and/or output devices (e.g., the end WirelessHart devices), a central communication device (e.g., the main server computer having all the databases), and at least one client computing device (e.g., any computer device with the software installed in it for remote monitoring/control purpose) in communication with the central communication device, a method for processing device data, e.g., “the Accused Emerson Instrumentality”, wherein the premises-server computing devices and client computing devices can be

handheld or desktop devices onto which software has been downloaded and which transforms such devices into the claimed premises-server computing devices and client computing devices, respectively, that enable parties to communicate with one another based on common identification attributes specified by such parties.

**13.** "WirelessHART is a wireless sensor networking technology based on the Highway Addressable Remote Transducer Protocol (HART). Developed as a multi-vendor, interoperable wireless standard, WirelessHART was defined for the requirements of process field device networks." *See* https://en.wikipedia.org/wiki/WirelessHART. "The standard was initiated in early 2004 and developed by 37 HART Communications Foundation (HCF) companies that . . . form[ed] WiTECK an open, non-profit membership organization whose mission is to provide a reliable, cost-effective, high-quality portfolio of core enabling system software for industrial wireless sensing applications, under a company- and platform-neutral umbrella." *Id*.

**14.** The Accused Emerson Instrumentality is "designed for devices to take process measurements, communicate those measurements through a mesh network, and easily integrate the measurement data with your existing process host system." *See* http://www2.emersonprocess.com/siteadmincenter/PM%20Central%20Web%20Documents/Emerson%20Wireless%20Security.pdf.

**15.** The Accused Emerson Instrumentality "enable[s] communications[s] between [field] devices and host applications connected to a high-speed backbone or other existing plant communications network." *See* http://www2.emersonprocess.com/siteadmincenter/PM%20Central%20Web%20Documents /Emerson%20Wireless%20Security.pdf.

**16.** Emerson explains how to use and provides support for the Accused Emerson Instrumentality. *See* http://www2.emersonprocess.com/siteadmincenter/PM%20Central%20Web%20Documents /Emerson%20Wireless%20Security.pdf.. These instructions teach and suggest to use the Accused Emerson Instrumentality in a way that infringes at least Claims 1, 2 and 15 of the '731 Patent.

**COUNT I**
**DIRECT INFRINGEMENT**

**17.** Banertek repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 16 above.

**18.** As a result of making, using (including having its employees internally test and use the Accused Emerson Instrumentality, as alleged below), marketing, and providing its Accused Emerson Instrumentality, Emerson has directly infringed at least Claims 1, 2 and 15 of the '731 Patent literally and/or under the doctrine of equivalents. As set forth *supra*, the Accused Emerson Instrumentality is specifically designed to perform each and every step set forth in at least Claims 1, 2 and 15 of the '731 Patent and each use of the Accused Emerson Instrumentality will result in infringement of at least Claims 1, 2 and 15 of the '731 Patent.

**19.** Upon information and belief, Emerson directly infringed at least Claims 1, 2 and 15 of the '731 Patent when it internally tested the Accused Emerson Instrumentality, which is programmed to operate on a client computing device, e.g., a handheld or desktop device. Upon information and belief, Emerson employees and/or individuals under Emerson's control downloaded software onto a Emerson employee's handheld or desktop device, to test the operation of the Accused Instrumentality and its various functions, in the manner set forth in the '731 Patent and described in detail in paragraphs 7 through 16 above. Banertek therefore alleges that Emerson directly infringed at least

Claims 1, 2 and 15 of the ‘731 Patent by using the Accused Emerson Instrumentality to perform the systems and methods claimed by the ‘731 Patent.

**20.** Upon information and belief, Emerson also directly infringed at least Claims 1, 2 and 15 of the ‘731 Patent when its employees use the Accused Emerson Instrumentality, which is programmed to operate on a client computing device, e.g., a handheld or desktop. Upon information and belief, Emerson employees and/or individuals under Emerson’s control downloaded software onto an Emerson employee’s handheld or desktop device to use the functionality of the Accused Emerson Instrumentality, in the manner set forth in the ‘731 Patent and described in detail in paragraphs 7 through 16 above. Banertek therefore alleges that Emerson directly infringed at least Claims 1, 2 and 15 of the ‘731 Patent by using the Accused Emerson Instrumentality to perform the systems and methods claimed by the ‘731 Patent.

**21.** Since at least the date that this Complaint was filed, Emerson has willfully infringed at least Claims 1, 2 and 15 of the ‘731 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the ‘731 Patent.

**22.** Banertek has suffered damages as a result of Emerson’s direct infringement of the ‘731 Patent.

**COUNT II**
**INDIRECT INFRINGEMENT**

**23.** Banertek repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 22 above.

**24.** The Accused Emerson Instrumentality is particularly adapted for use in a manner that infringes at least Claims 1, 2 and 15 of the ‘731 Patent. Specifically, as alleged *supra*, The Accused Emerson Instrumentality is designed to facilitate mobile communications between users based on

common identification attributes specified by such parties.

**25.** Emerson has been aware of the ‘731 Patent since at least the filing date of this Complaint, and upon information and belief was aware, or should have been aware, since at least such date that the use of its Accused Emerson Instrumentality constitutes direct infringement of the ‘731 Patent.

**26.** In spite of its knowledge of the ‘731 Patent, Emerson has continued to offer its Accused Emerson Instrumentality to its customers and has continued to instruct them on how to use the Accused Emerson Instrumentality in a manner that infringes at least Claims 1, 2 and 15 of the ‘731 Patent, intending that its customers use such instrumentality.

**27.** Upon information and belief, at least one of Emerson’s customers have used the Accused Emerson Instrumentality in a manner that infringes at least Claims 1, 2 and 15 of the ‘731 Patent since Emerson became aware of the ‘731 Patent.

**28.** Emerson indirectly infringes at least Claims 1, 2 and 15 of the ‘731 Patent by inducing others to use its Accused Emerson Instrumentality in a manner that directly infringes the asserted claims. Emerson provides its Accused Emerson Instrumentality to the public and encourages and instructs them on how to use it, including by encouraging and instructing the use of each of the features claimed by the ‘731 Patent. Due to Emerson’s encouragement and instruction, Emerson customers that use the Accused Emerson Instrumentality directly infringe at least Claims 1, 2 and 15 of the ‘731 Patent by performing each element set forth in the ‘731 Patent and described in detail in paragraphs 7 through 16 above. Emerson has induced these infringing uses with full knowledge of the ‘731 Patent and with full knowledge that the use of its Accused Emerson Instrumentality as directed constitutes infringement of the ‘731 Patent.

**29.** Emerson indirectly infringes at least Claims 1, 2 and 15 of the ‘731 Patent by

contributorily infringing the patent through its provision of the Accused Emerson Instrumentality. Emerson customers that use the Accused Emerson Instrumentality directly infringe the '731 Patent by performing each element set forth in at least Claims 1, 2 and 15 of the '731 Patent and described in detail in paragraphs 7 through 16 above. Since at least the filing date of this Complaint, Emerson has known that the use of the Accused Emerson Instrumentality on handheld or desktop devices infringes at least Claims 1, 2 and 15 of the '731 Patent, that the combination of the software for the Accused Emerson Instrumentality as used on handheld or desktop devices was patented and infringed the '731 Patent, and that such combination of components has no substantial non-infringing use.

**30.** Banertek has suffered damages as a result of Emerson's indirect infringement of the '731 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Banertek prays for judgment against Defendant Emerson all the counts and for the following relief:

A. Declaration that Banertek is the owner of the right to sue and to recover for infringement of the '731 Patent being asserted in this action;

B. Declaration that Emerson has directly infringed, actively induced the infringement of, and/or contributorily infringed the '731 Patent;

C. Declaration that Emerson and its customers are jointly or severally responsible for the damages from infringement of the '731 Patent through the use of the Accused Emerson Instrumentality;

D. Declaration that Emerson is responsible jointly or severally with its customers for the damages caused by the infringement of the '731 Patent through the use of the Accused Emerson Instrumentality by Emerson's customers;

E. An accounting for damages under 35 U.S.C. §284 for infringement of the '731 Patent by Emerson, and the award of damages so ascertained to Banertek together with interest as provided by law;

F. Award of Banertek's costs and expenses;

G. Award of Banertek's attorney fees; and

H. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Banertek demands a trial by jury of all issues properly triable by jury in this action.

By:/s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (ID #37451989)
Zimmerman Law Group
233 Watchung Fork
Westfield, New Jersey 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com
Attorneys for Plaintiff Banertek LLC

Dated: March 30, 2017